```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY TEET a/k/a DARRYL JONES    :       CIVIL ACTION
                                :
        v.                      :
                                :
DIGUGLIELMO, et al.             :       NO. 04-6024
```

ORDER

AND NOW, this 25th day of May, 2006, upon careful and independent consideration of Gary Teet's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), the Commonwealth's response to his petition, the Report and Recommendation of the Honorable David R. Strawbridge (docket entry # 7), and Teet's objections to the Report and Recommendation,[1] and the Court finding that:

(a)   Judge Strawbridge explained that Teet's state conviction became final on June 2, 1999, at which time the one-year statute of limitations for Teet to file his habeas petition began to run, see 28 U.S.C. § 2244(d)(1);

(b)   That limitation was tolled while Teet's petition under Pennsylvania's Post Conviction Relief Act (PCRA) was pending, i.e., from September 14, 1999 until January 9, 2002;

(c)   Since the period of limitation ran for more than three months before Teet filed his PCRA petition, as of January 9, 2002 Teet had less than nine months to file his § 2254 petition, see Report and Rec. at 7;

---

[1] Teet's written submission is undated, but was stamped as received by the Court on February 6, 2006. At the top of the one-page submission, Teet notes Local Civil Rule 72.1 IV, so we shall treat this as his Objections to the Report and Recommendation.

  (d) Teet filed his federal habeas petition on August 22, 2004,[2] more than one year and ten months after the statute of limitations expired, and because he failed to make a case for equitable tolling of the statute of limitations, Judge Strawbridge concluded that the petition should be dismissed as untimely, see Report and Rec. at 7-8;

  (e) Teet accuses the courts, district attorney, and court-appointed lawyers of trying "to time bar" him, but he offers no arguments or facts that would call into question Judge Strawbridge's calculation of the statute of limitations, see Obj.;

  (f) Judge Strawbridge correctly determined that Teet's petition is time-barred, and we shall overrule Teet's objections and approve and adopt the Report and Recommendation; and

  (g) Finally, Teet has not made a substantial showing of the denial of a constitutional right, so we shall not issue a certificate of appealability, see 28 U.S.C. § 2253(c)(3),

  It is hereby ORDERED that:

  1. The Clerk shall DOCKET Teet's letter, received on February 6, 2006, as his "Objections to Report and Recommendation;"

  2. Teet's Objections are OVERRULED;

---

[2] As Judge Strawbridge noted, Teet signed his habeas petition on August 22, 2004. See Hab. Pet. at 12. "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court," Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998), so August 22, 2004 is the earliest date at which Teet could have filed the petition.

   3. The Report and Recommendation is APPROVED and ADOPTED;

   4. The petition for writ of habeas corpus is DENIED;

   5. We DECLINE to issue a certificate of appealability; and

   6. The Clerk shall CLOSE this civil action statistically.

       BY THE COURT:


       /s/ Stewart Dalzell, J.